**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **JASON LONG,**<br>**Individually and on behalf**<br>**of all others similarly situated,**<br><br>*Plaintiff*,<br><br>v.<br><br>**MALONE'S SERVICE AND**<br>**PERFORMANCE, LLC**<br><br>*Defendant.* | § Civil Action No. _____<br>§<br>§<br>§<br>§ **JURY TRIAL DEMANDED**<br>§<br>§<br>§ **COLLECTIVE ACTION**<br>§ **PURSUANT TO 29 U.S.C. § 216(b)**<br>§<br>§<br>§<br>§<br>§ |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

Jason Long ("Long") brings this action individually and on behalf of all others similarly situated (hereinafter "Plaintiff and the Putative Class Members") who worked for Malone's Service and Performance, LLC ("Malone's") and were paid a straight hourly wage but no overtime from three years preceding the filing of the Original Complaint through the final disposition of this matter, seeking all available relief, including compensation, liquidated damages, attorneys' fees, and costs, pursuant the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*.

Plaintiff's FLSA claims are asserted as a collective action under Section 16(b) of the FLSA, 29 U.S.C. §216(b). The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

## I.
## OVERVIEW

1. This lawsuit includes a collective action pursuant to the FLSA, 29 U.S.C. §§ 201 *et. seq.*, to recover overtime wages and other applicable penalties.

2. Plaintiff and the Putative Class Members are those current and former Porters who worked for Malone's, anywhere in the United States, at any time from December 20, 2018 through the final disposition of this matter, and were paid a straight hourly wage for all hours worked but did not receive overtime for all hours worked over forty (40) in each workweek.

3. Malone's misclassified Plaintiff and the Putative Class Members as independent contractors.

4. Malone's also misclassified Plaintiff and the Putative Class Members as overtime exempt employees.

5. Although Plaintiff and the Putative Class Members routinely work (and worked) in excess of forty (40) hours per workweek, Plaintiff and the Putative

Class Members were not paid overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

6. The decision by Malone's not to pay overtime compensation to Plaintiff and the Putative Class Members was neither reasonable nor in good faith.

7. Malone's knowingly and deliberately failed to compensate Plaintiff and the Putative Class Members overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

8. Plaintiff and the Putative Class Members did not and currently do not perform work that meets the definition of exempt work under the FLSA.

9. Plaintiff and the Putative Class Members therefore seek to recover all unpaid overtime and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

10. Plaintiff prays that all similarly situated Porters (Putative Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

## II.
## THE PARTIES

11.     Plaintiff Jason Long ("Long") worked for Malone's within the relevant time period. Plaintiff Long did not receive overtime compensation for all hours worked in excess of forty (40) hours per workweek.[1]

12.     The Putative Class Members include those current and former Porters who worked for Malone's, anywhere in the United States, at any time since December 20, 2018, and have been subjected to the same illegal pay system under which Plaintiff Long worked and was paid.

13.     Malone's Service and Performance, LLC ("Malone's") is a domestic limited liability company doing business in the State of Georgia and may be served through its registered agent for service: **Adam Chmielewski, 708 Washington Avenue NE, Marietta, Georgia 30060.**

## III.
## JURISDICTION & VENUE

14.     This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201 *et. seq*.

---

[1] The written consent of Jason Long is hereby attached as Exhibit A.

15. This Court has specific personal jurisdiction over Malone's because the cause of action arose within this District as a direct result of Malone's conduct within this District.

16. Venue is proper in the Northern District of Georgia because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

17. Specifically, Malone's headquarters are in Marietta, Georgia and Plaintiff Long worked in and around Marietta, Georgia throughout his employment with Malone's, all of which are located in this District and Division.

18. Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391.

## IV.
## ADDITIONAL FACTS

19. Malone's operates as a vehicle service provider in Marietta, Georgia.[2]

20. As part of their services, Malone's employed (and continues to employ) numerous Porters in the last three years.

21. Malone's paid (and continues to pay) their Porters a straight hourly wage for all hours worked but no overtime—including Plaintiff Long and the individuals that make up the putative or potential class.

---

[2] https://www.facebook.com/malonescarstuff/.

22. While exact job titles may differ, these workers were subjected to the same or similar illegal pay practices for similar work.

23. Plaintiff Long worked exclusively for Malone's as a Porter in Marietta, Georgia from June 2020 until July 2021.

24. When Plaintiff Long was initially hired in June 2020, Malone's misclassified him as an independent contractor and failed to pay him for any overtime hours worked.

25. After Plaintiff Long complained about not being paid overtime properly, Malone's properly changed his classification from an independent contractor to an employee but still did not pay him any overtime.

26. When Plaintiff Long asked management why he was not paid overtime, his manager told him he was exempt from overtime.

27. Based on the schedules set by Malone's, Plaintiff and the Putative Class Members worked over forty (40) hours nearly every (if not every) workweek.

28. Although it is well-known that blue-collar workers like Plaintiff and the Putative Class Members are not exempt from overtime, Malone's did not pay Plaintiff and the Putative Class Members the additional overtime premium required by the FLSA for hours worked in excess of forty (40) in a workweek.

29. Plaintiff and the Putative Class Members' primary job duties included washing cars, cleaning up the shop, and generally assisting customers.

30. Plaintiff and the Putative Class Members would conduct their day-to-day activities within mandatory and designed parameters and in accordance with pre-determined operational plans created by Malone's and/or its clients.

31. Plaintiff and the Putative Class Members' daily and weekly activities were routine and largely governed by standardized plans, procedures, and checklists created by Malone's.

32. Virtually every job function was pre-determined by Malone's, including the tools to use at the worksite, Plaintiff and the Putative Class Members' schedule of work, and related work duties.

33. Plaintiff and the Putative Class Members were prohibited from varying their job duties outside of the predetermined parameters.

34. Moreover, Plaintiff and the Putative Class Members' job functions were primarily technical and manual labor in nature, requiring little to no official training, much less a college education or other advanced degree.

35. Plaintiff and the Putative Class Members are blue-collar workers.

36. They rely on their hands, physical skills, and energy to perform manual and routine labor of washing cars.

37. Malone's determined the hours Plaintiff and the Putative Class Members worked.

38. Malone's set Plaintiff and the Putative Class Members' pay and controlled the number of hours they worked on a weekly basis.

39. Malone's set all employment-related policies applicable to Plaintiff and the Putative Class Members.

40. Malone's maintained control over pricing and marketing.

41. Malone's also chose equipment and product suppliers.

42. Malone's owned or controlled the equipment and supplies that Plaintiff and the Putative Class Members used to perform their work.

43. Malone's had the power to hire and fire Plaintiff and the Putative Class Members.

44. Malone's made all personnel and payroll decisions with respect to Plaintiff and the Putative Class Members, including but not limited to, the decision to pay Plaintiff and the Putative Class Members a straight hourly wage for all hours worked with no overtime pay.

45. Malone's also paid and/or reimbursed Plaintiff and the Putative Class Members for their equipment used to clean cars.

46. Malone's provided tools and equipment that Plaintiff and the Putative Class Members used.

47. Plaintiff and the Putative Class Members did not employ their own workers.

48. Plaintiff and the Putative Class Members worked continuously for Malone's on a permanent full-time basis.

49. Malone's, instead of Plaintiff and the Putative Class Members, made the large capital investments in leases, buildings, equipment, tools, and supplies.

50. Plaintiff and the Putative Class Members relied exclusively on Malone's for their work.

51. Plaintiff and the Putative Class Members did not market any business or services of their own.

52. Plaintiff and the Putative Class Members worked the hours assigned by Malone's.

53. Plaintiff and the Putative Class Members performed duties assigned by Malone's.

54. Plaintiff and the Putative Class Members worked on projects assigned by Malone's.

55. Plaintiff and the Putative Class Members worked for the benefit of Malone's and their customers.

56. Malone's paid Plaintiff and the Putative Class Members on a bi-weekly basis.

57. Plaintiff and the Putative Class Members did not earn a profit based on any business investment of their own.

58. Rather, Plaintiff and the Putative Class Members' only earning opportunity was based on the number of hours they were allowed to work, which was controlled by Malone's and their customers.

59. Malone's improperly classified Plaintiff and the Putative Class Members as independent contractors.

60. The classification was improper because Plaintiff and the Putative Class Members were not in business for themselves.

61. Instead, they were economically dependent upon Malone's for their work.

62. The FLSA mandates that overtime be paid at one and one-half times an employee's regular rate of pay.

63. Malone's denied Plaintiff and the Putative Class Members overtime pay as a result of a widely applicable, illegal pay practice.

64. Plaintiff and the Putative Class Members regularly worked in excess of forty (40) hours per week but never received overtime compensation.

65. Malone's applied this pay practice despite clear and controlling law that states that Plaintiff and the Putative Class Members were Malones' **_non-exempt_** employees, and not independent contractors.

66. Accordingly, Malone's pay policies and practices blatantly violated (and continue to violate) the FLSA.

## V.
## CAUSE OF ACTION

**A.   FLSA COVERAGE**

67. All previous paragraphs are incorporated as though fully set forth herein.

68. The FLSA Collective is defined as:

**ALL PORTERS WHO WORKED FOR MALONE'S SERVICE AND PERFORMANCE, LLC, ANYWHERE IN THE UNITED STATES, AT ANY TIME FROM DECEMBER 20, 2018 THROUGH THE FINAL DISPOSITION OF THIS MATTER. ("FLSA Collective" or "FLSA Collective Members").**

69. At all times hereinafter mentioned, Malone's has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

70. At all times hereinafter mentioned, Malone's has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

71. At all times hereinafter mentioned, Malone's has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that those enterprises have had, and have, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

72. During the respective periods of Plaintiff and the FLSA Collective Members' employment by Malone's, these individuals provided services for Malone's that involved interstate commerce for purposes of the FLSA.

73. In performing the operations described hereinabove, Plaintiff and the FLSA Collective Members were engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

74. Specifically, Plaintiff and the FLSA Collective Members are (or were) **_non-exempt_** employees who worked for Malone's and were engaged in

commercial services that were directly essential to the providing of goods and services by Malone's to its customers. 29 U.S.C. § 203(j).

75. At all times hereinafter mentioned, Plaintiff and the FLSA Collective Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–07.

76. In violating the FLSA, Malone's acted willfully, without a good faith basis and with reckless disregard of applicable federal law.

77. The proposed collective of similarly situated employees, i.e. putative collective members sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 68.

78. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of Malone's.

**B. FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FLSA**

79. All previous paragraphs are incorporated as though fully set forth herein.

80. Malone's violated provisions of Sections 7 and 15 of the FLSA, 29 U.S.C. §§ 207, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the

FLSA for workweeks longer than forty (40) hours without compensating such employees for hours worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates.

81. Plaintiff and the FLSA Collective Members have suffered damages and continue to suffer damages as a result of Malone's acts or omissions as described herein; though Malone's is in possession and control of necessary documents and information from which Plaintiff and the FLSA Collective Members would be able to precisely calculate damages.

82. Moreover, Malone's knowingly, willfully and in reckless disregard carried out its illegal pattern of failing to pay Plaintiff and other similarly situated employees overtime compensation. 29 U.S.C. § 255(a).

83. Malone's knew or should have known its pay practices were in violation of the FLSA.

84. Malone's is a sophisticated party and employer, and therefore knew (or should have known) their policies were in violation of the FLSA.

85. Plaintiff and the FLSA Collective Members, on the other hand, are (and were) unsophisticated employees who trusted Malone's to pay overtime in accordance with the law.

86. The decision and practice by Malone's to not pay overtime was neither reasonable nor in good faith.

87. Accordingly, Plaintiff and the Putative Class Members are entitled to overtime wages for all hours worked in excess of forty (40) in a workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

C. **FLSA COLLECTIVE ACTION ALLEGATIONS**

88. All previous paragraphs are incorporated as though fully set forth herein.

89. Pursuant to 29 U.S.C. § 216(b), this collective claim is made on behalf of all those who are (or were) similarly situated to Plaintiff.

90. Other similarly situated employees have been victimized by Malone's patterns, practices, and policies, which are in willful violation of the FLSA.

91. The FLSA Collective Members are defined in Paragraph 68.

92. Malone's failure to pay any overtime compensation results from generally applicable policies and practices and does not depend on the personal circumstances of the individual FLSA Collective Members.

93. Thus, Plaintiff's experiences are typical of the experiences of the FLSA Collective Members.

94. The specific job titles or precise job requirements of the various FLSA Collective Members does not prevent collective treatment.

95. All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated for all hours worked in excess of forty (40) hours per workweek.

96. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

97. Indeed, the FLSA Collective Members are blue-collar workers entitled to overtime after forty (40) hours in a week.

98. Malone's has employed a substantial number of similarly situated Porters across the United States since December 20, 2018.

99. Absent a collective action, many members of the proposed FLSA collective likely will not obtain redress of their injuries and Malone's will retain the proceeds of its rampant violations.

100. Moreover, individual litigation would be unduly burdensome to the judicial system.

101. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

102. Accordingly, the FLSA collective of similarly situated plaintiffs should be certified as defined as in Paragraph 68 and notice should be promptly sent.

## VI.
## RELIEF SOUGHT

103. Plaintiff respectfully prays for judgment against Malone's as follows:

    a.    For an Order recognizing this proceeding as a collective action pursuant to Section 216(b) of the FLSA, certifying the FLSA Collective as defined in Paragraph 68 and requiring Malones to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all potential collective action members;

    b.    For an Order approving the form and content of a notice to be sent to all potential FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

    c.    For an Order pursuant to Section 16(b) of the FLSA finding Malone's liable for unpaid back wages due to Plaintiff (and those FLSA Collective Members who have joined in the suit), for liquidated damages equal in amount to

the unpaid compensation found due to Plaintiff (and those FLSA Collective Members who have joined in the suit);

   d. For an Order awarding the costs and expenses of this action;

   e. For an Order awarding attorneys' fees;

   f. For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

   g. For an Order awarding Plaintiff Long a service award as permitted by law;

   h. For an Order compelling the accounting of the books and records of Malone's, at Malone's own expense;

   i. For an Order providing for injunctive relief prohibiting Malone's from engaging in future violations of the FLSA and requiring Malone's to comply with such laws going forward; and

   j. For an Order granting such other and further relief as may be necessary and appropriate.

Date: December 21, 2021  Respectfully submitted,

**MORGAN & MORGAN**

By: /s/ *Jeremy Stephens*
**Jeremy Stephens**
Georgia Bar No. 702063
jstephens@forthepeople.com
191 Peachtree Street NE, Suite 4200,
Atlanta, Georgia 30303
Telephone: (404) 965-1682
Facsimile: (470) 639-6866

**ANDERSON ALEXANDER, PLLC**

By: /s/ *Clif Alexander*
**Clif Alexander** (*Pro Hac Vice Anticipated*)
Texas Bar No. 24064805
clif@a2xlaw.com
**Austin W. Anderson** (*Pro Hac Vice Anticipated*)
Texas Bar No. 24045189
austin@a2xlaw.com
**Carter Hastings** (*Pro Hac Vice Anticipated*)
Texas Bar No. 24101879
carter@a2xlaw.com
819 N. Upper Broadway
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Facsimile: (361) 452-1284

*Attorneys in Charge for Plaintiff and the Putative Collective Members*